FILED
JUN 0 3 2002
LARRY W. ___, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2 02 1915-18

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | |
| COUNTY OF CHARLESTON ) | |
| ) | |
| DAVID D. BENNETT, ) | |
| ) | **ANSWER** |
| PLAINTIFF, ) | |
| ) | (Jury Trial Demanded) |
| vs. ) | |
| ) | |
| BIO-REFERENCE LABORATORIES, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |

COMES NOW the Defendant, Bio-Reference Laboratories, Inc., by and through their attorneys, Haynsworth Sinkler Boyd, P.A., without waiving its contention that there is no personal jurisdiction over the Defendant, as an answer to Plaintiff's Complaint, admits, denies and alleges as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation of the Complaint not hereinafter specifically admitted, modified, explained or qualified is denied.

2. With respect to Paragraph 1 of the Complaint, the Defendant is without sufficient knowledge or information to form an opinion or belief as to the allegations contained therein, and therefore, denies the same and demands strict proof thereof.

3. Answering Paragraph 2 of the Complaint, the Defendant admits it is a corporation organized and existing under the laws of the State of New Jersey. Further answering, the



Defendant denies that it transacted business in Charleston County, South Carolina while Plaintiff was employed with Defendant corporation, or at any other time.

4. The Defendant admits that it is not currently registered to conduct business in South Carolina but denies the remaining allegations of Paragraph 3 of the Complaint and demands strict proof thereof.

5. The Defendant admits that this Court has subject matter jurisdiction of this controversy but denies that the Court has personal jurisdiction over Defendant and demands strict proof thereof.

6. Answering Paragraph 5, the Defendant admits that Plaintiff and Defendant signed an Employment Contract dated January 5, 1999. The Defendant craves reference to the terms of said contract and denies any allegations of the paragraph not consistent therewith.

7. Answering Paragraph 6, the Defendant admits that Plaintiff and Defendant signed an Employment Contract dated January 5, 1999. The Defendant craves reference to the terms of said contract and denies any allegations of the paragraph not consistent therewith.

8. Answering Paragraph 7 of the Complaint, the Defendant would crave reference to the terms of the Employment Contract and denies any allegations of the paragraph not consistent therewith.

9. The Defendant denies the allegations of Paragraphs 8 through 47 of the Complaint and demands strict proof thereof.

## FOR A SECOND DEFENSE

10 The Defendant repeats its responses to Paragraphs 1 through 9 above as fully as if set forth herein verbatim.

11    The Defendant alleges that this Court lacks personal jurisdiction over the Defendant.

## FOR A THIRD DEFENSE

12    The Defendant repeats its responses to Paragraphs 1 through 11 above as fully as if set forth herein verbatim.

13.    The convenience of witnesses, interests of justice, and judicial economy are served by a change in venue.

## FOR A FOURTH DEFENSE

14.    The Defendant repeats his responses in Paragraphs 1 through 13 above as fully as if set forth herein verbatim.

15.    Plaintiff's Complaint fails to state facts sufficient to constitute a claim or cause of action against the Defendant and, therefore, Plaintiff's Complaint and each alleged cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## FOR A FIFTH DEFENSE

16.    The Defendant repeats its responses in Paragraphs 1 through 15 above as fully as if set forth herein verbatim.

17.    The Defendant alleges that Plaintiff's claim for damages in this case is barred because Plaintiff failed to take reasonable steps which would have been mitigated or eliminated his damages.

## FOR A SIXTH DEFENSE

18. The Defendant repeats its responses in Paragraphs 1 through 17 above as fully as if set forth herein verbatim.

19. The Defendant alleges that Plaintiff's claim for damages in this case is barred under the Doctrine of Unclean Hands.

## FOR A SEVENTH DEFENSE

20. The Defendant repeats its responses in Paragraphs 1 through 19 above as fully as if set forth herein verbatim.

21. The Defendant alleges that Plaintiff has waived any claims against the Defendant by his conduct and any recovery on the claims he has asserted are barred.

## FOR AN EIGHTH DEFENSE

22. The Defendant repeats its responses to Paragraphs 1 through 21 above as fully as if set forth herein verbatim.

23. The Defendant alleges that Plaintiff is estopped by his conduct from any recovery on the claims he has asserted.

## FOR A NINTH DEFENSE

24. The Defendant repeats its responses to Paragraphs 1 through 23 above as fully as if set forth herein verbatim.

25. The Defendant alleges that the Plaintiff breached his contract prior to the date of his termination and that, as a result, his claims for damages are barred.

## FOR A TENTH DEFENSE

26. The Defendant repeats its responses to Paragraphs 1 through 25 above as fully as if set forth herein verbatim.

27. Plaintiff's Complaint, and each alleged cause of action therein, is barred by the fact that any actions taken against Plaintiff were for a proper, business-related reason, which were neither arbitrary, capricious or unlawful.

## FOR AN ELEVENTH DEFENSE

28. The Defendant repeats its responses to Paragraphs 1 through 27 above as fully as if set forth herein verbatim.

29. The Defendant alleges that it had just or reasonable cause to terminate Plaintiff.

## FOR A TWELFTH DEFENSE

30. The Defendant repeats its responses to Paragraphs 1 through 29 above as fully as if set forth herein verbatim.

31. The Defendant alleges that Plaintiff fails to state a claim for which punitive damages are recoverable and, therefore, Plaintiff's claim for punitive damages should be stricken pursuant to South Carolina Rule of Civil Procedure 12(f).

## FOR A THIRTEENTH DEFENSE

32. The Defendant repeats its responses to Paragraphs 1 through 31 above as fully as if set forth herein verbatim.

33.     The Defendant alleges that Plaintiff's claim for punitive damages violates the Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of South Carolina.

WHEREFORE, having fully answered Plaintiff's Complaint, the Defendant prays that the same be dismissed, that it be awarded its costs and attorney fees incurred in this matter, and for such other relief as the Court may deem just and equitable.

*(signature)*
Thomas S. White (Federal I.D. No. 6510)
HAYNSWORTH SINKLER BOYD, P.A.
160 East Bay Street
Post Office Box 340
Charleston, SC  29402
Telephone:  (843) 722-3366
Facsimile:  (843) 722-2266
ATTORNEYS FOR DEFENDANT

Charleston, South Carolina

June  3 , 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. _____

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | |
| COUNTY OF CHARLESTON ) | |
| ) | |
| DAVID D. BENNETT, ) | |
| ) | |
| PLAINTIFF, ) | **CERTIFICATE OF SERVICE** |
| ) | |
| vs. ) | |
| ) | |
| BIO-REFERENCE LABORATORIES, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

I, Gwenn L. Jalbert, a paralegal with Haynsworth Sinkler Boyd, P.A., hereby certifies that I have on this 3rd day of June, 2002, served a true and correct copy of the above and foregoing *ANSWER*, via United States Mail with sufficient first class postage affixed thereto upon the following counsel for the Plaintiff:

    Nancy Bloodgood
    YOUNG, CLEMENT, RIVERS & TISDALE, LLP
    28 Broad Street
    Post Office Box 993
    Charleston, SC  29402
    ATTORNEYS FOR PLAINTIFF

                                                      _____
                                                      Gwenn L. Jalbert