FILED

AUG 26 2002

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| DAVID D. BENNETT, | ) | C.A. NO. 2-02-1915-18 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **MOTION TO LIFT STAY** |
| | ) | |
| BIO-REFERENCE LABORATORIES, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

TO:   THOMAS S. WHITE, ESQUIRE, ATTORNEY FOR THE DEFENDANT:

PLEASE TAKE NOTICE that, pursuant to FRCVP Rule 7, the above-named Plaintiff, by the undersigned attorney, will move before this Honorable Court for an Order lifting the stay of proceedings pending arbitration previously consented to by the parties and ordered by this court. The basis for this motion is as follows.

Plaintiff filed the above-captioned wrongful discharge suit on April 22, 2002. Defendant Bio-Reference Laboratories, Inc. (hereinafter "Defendant Corporation") was served on May 7, 2002 and filed an Answer on June 3, 2002. On June 4, 2002, the federal government announced that seventeen (17) members of the Gambino family had been indicted on labor racketeering charges. One of the persons indicted was Vincent Nasso, an employee of Defendant Corporation, whom Plaintiff had previously complained about to Defendant Corporation shortly before his termination.

On June 17, 2002 the undersigned counsel for Plaintiff inquired in writing to local counsel for Defendant Corporation as to whether Defendant Corporation would consent to Plaintiff's amendment of the Complaint to add allegations to the Complaint stating that one



reason for Plaintiff's wrongful termination was Plaintiff's previous complaints to Management about Vincent Nasso and his alleged Mafia connections. (Exhibit 1) On June 24, 2002, before responding to Plaintiff's inquiry about signing a Consent Order to Amend the Complaint, Defendant Corporation demanded arbitration pursuant to an arbitration clause in Plaintiff's employment contract. (Exhibit 2) Plaintiff's counsel responded that, notwithstanding her objections to the language of the arbitration clause, if Defendant Corporation would pay all costs associated with arbitration and agree that the proposed amendment to the complaint would be included as the subject of arbitration, Plaintiff would not contest the arbitration clause. (Exhibit 3) Defendant Corporation agreed to Plaintiff's arbitration requests and a Consent Order staying the case was subsequently signed by the parties and approved by this Court on July 23, 2002. (Exhibit 4)

As of today, no action has been taken by Defendant Corporation to initiate the arbitration process and no discovery has begun. On August 20, 2002, the undersigned counsel notified Defendant's counsel in accordance with Local Rule 7.02 that she would file a Motion to Lift the Consent Order Staying Litigation and Ordering Arbitration, as well as a Motion to Amend the Complaint, if the arbitration process was not initiated by this week. (Exhibit 5)

As the result of a telephone conversation with local counsel for Defendant Corporation today, August 26, 2002, undersigned Counsel is informed that no action will be taken by Defendant Corporation to pursue arbitration at the earliest until after Labor Day, September 2, 2002. As Defendant Corporation has taken no action to begin the arbitration process in this matter, and by September 2, 2002 six weeks will have elapsed since this case was stayed, Plaintiff hereby moves this Court for an Order lifting the Stay and placing the above-captioned

- -

case back on the jury trial roster. Plaintiff also respectfully requests a Scheduling Order be issued so discovery can begin in this matter.

Pursuant to Local Rule 7.04, no separate memorandum of law will be filed as the requirements of Local Rule 7.05 have been complied with, and a separate memorandum would serve no useful purpose.

YOUNG, CLEMENT, RIVERS & TISDALE, LLP

By: _____
Nancy Bloodgood
Federal I.D. Number 5208
P.O. Box 993, Charleston, SC  29402
(843) 724-6659 - Telephone
(843) 579-1352 - Fax
E-mail: nb@ycrt.com
Attorneys for the Plaintiff

Charleston, South Carolina

Dated: _8/26/02_

### CERTIFICATE OF MAILING

I hereby certify that a copy of the foregoing pleading was mailed to all counsel of record in this proceeding this 26th day of ___August___, 2002.

_____

- -

**CHARLESTON**
28 BROAD STREET
P.O. BOX 993
CHARLESTON, SC 29402-0993
TELEPHONE: (843) 577-4000

www.ycrt.com

Other Office:
Columbia, SC



**YOUNG CLEMENT RIVERS & TISDALE** LLP
ATTORNEYS AT LAW

Nancy Bloodgood

Direct Dial: (843) 724-6659
Direct Fax: (843) 579-1352
E-mail: nb@ycrt.com

June 17, 2002

Thomas S. White, Esquire
Haynsworth Sinkler Boyd, P.A.
160 East Bay Street
Charleston, SC 29401-2120

    Re:   David D. Bennett v. Bio-Reference Laboratories, Inc.
            Case No.:   02-CP-10-1781
            YCRT File:  11094-20020592

Dear Tom:

    As per our telephone conversation, enclosed please find a Consent Order permitting an amendment to the Complaint in the above-referenced matter. As a result of recent events, I have expanded the breach of contract claim to include the Vincent Nasso issue. I am attaching a copy of the draft Amended Complaint for you to review. I would appreciate it if you would sign the Consent Order and send it back to me and I will then forward it to the Court and file the Amended Complaint.

    Thank you very much.

                          Sincerely,

                          YOUNG, CLEMENT, RIVERS & TISDALE, LLP

                          Nancy Bloodgood

NB/kir
Enclosures

# HAYNSWORTH SINKLER BOYD, P.A.

ATTORNEYS AT LAW

160 E. BAY STREET (29401-2120)
POST OFFICE BOX 340 (29402-0340)
CHARLESTON, SOUTH CAROLINA
TELEPHONE 843.722.3366
FACSIMILE 843.722.2266
WEBSITE www.hsblawfirm.com

OTHER OFFICES
COLUMBIA, SOUTH CAROLINA
FLORENCE, SOUTH CAROLINA
GREENVILLE, SOUTH CAROLINA

**THOMAS S. WHITE**
DIRECT DIAL NUMBER 843.724.1112
E-MAIL ADDRESS tswhite@hsblawfirm.com

June 24, 2002

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Nancy Bloodgood, Esquire
Young, Clement, Rivers & Tisdale
28 Broad Street
Post Office Box 993
Charleston, SC 29402

   Re: **David Bennett v. Bio-Reference Laboratories, Inc.**
     **Our File No. 17494-1**

Dear Nancy:

   Pursuant to Paragraph 16 of Mr. Bennett's employment agreement with Bio-Reference Laboratories, Inc., dated January 5, 1999, Bio-Reference hereby demands that the above dispute be submitted to binding arbitration.

   Please contact me at your earliest convenience to discuss a location for the arbitration and the appointment of an arbitrator. Also, please let me know if you are willing to submit an agreed order to stay the suit Mr. Bennett has filed pending the outcome of the arbitration.

   With kind regards,

             Yours sincerely,

             Thomas S. White

TSW/glj

cc: Mr. Richard Faherty



CHARLESTON
28 BROAD STREET
P.O. BOX 993
CHARLESTON, SC 29402-0993
TELEPHONE: (843) 577-4000

www.ycrt.com

Other Office:
Columbia, SC

**YOUNG CLEMENT RIVERS & TISDALE** LLP
ATTORNEYS AT LAW

Nancy Bloodgood

Direct Dial: (843) 724-6659
Direct Fax: (843) 579-1352
E-mail: nb@ycrt.com

June 27, 2002

Thomas S. White, Esquire
Haynsworth Sinkler Boyd, P.A.
160 East Bay Street
Charleston, SC 29401-2120

    Re:    David D. Bennett v. Bio-Reference Laboratories, Inc.
           Case No.:    02-CP-10-1781
           YCRT File:    11094-20020592

Dear Tom:

    I am in receipt of your letter dated June 24th requesting arbitration pursuant to a clause contained in Dave Bennett's contract. I reviewed that clause several weeks ago and I believe it has some serious defects which, pursuant to the Hooters case (Hooters of America v. Phillips, 173 F.3d 933 (4th Cir. 1999)), may not be considered by a court to be fair. I am particularly concerned with the clause that requires my client to share the costs of arbitration.

    Many courts have found that requiring a plaintiff to share expenses that would not otherwise be incurred if the case were brought in court, invalidates an arbitration clause. Cole v. Burns Int'l Sec. Servc., 105 F.3d 1465, 1485 (D.C. Cir. 1997); Shankle v. B-G Maint. Mgmt. of Colorado, Inc., 163 F.3d 1230 (10th Cir. 1999) (affirming denial of motion to compel arbitration because the arbitration agreement required the employee to assume responsibility for one-half of the arbitrator's fees, which did not provide him with "an effective means of vindicating his rights.") A recent Fourth Circuit case is in accord. In Bradford v. Rockwell Semiconductor Systems, Inc., 238 F.3d 549 (4th Cir. 2001), the court found that a requirement that the fees be split between employer and employee may render an arbitration agreement unenforceable.

    Notwithstanding the foregoing, if your client will agree to pay the arbitration filing fee and the fee of the arbitrator, I would certainly advise my client to waive his objections to the arbitration clause and arbitrate the matter. Additionally, I want to confirm that prior to the time we agree to arbitration, the Complaint is amended to include the additional breach of contract claim. Finally,

Thomas S. White, Esquire
June 27, 2002
Page Two

---

our Payment of Wages claim appears to be outside of the arbitration agreement, but we would agree to have this claim arbitrated also if we can reach agreement as to the arbitration fees.

Sincerely,

YOUNG, CLEMENT, RIVERS & TISDALE, LLP

Nancy Bloodgood

NB/kir

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2-02-1915-18

FILED
JUL 2 3 2002
LARRY W. PROPES, CLERK

DAVID D. BENNETT, )
)
    PLAINTIFF, )
)
vs. ) **CONSENT ORDER STAYING**
) **LITIGATION AND ORDERING**
BIO-REFERENCE LABORATORIES, ) **ARBITRATION**
INC., )
)
    DEFENDANT. )
_____)

THIS MATTER COMES BEFORE THIS COURT upon motion of the Defendant, Bio-Reference Laboratories, Inc., and with the consent of the Plaintiff, David D. Bennett, for an Order Staying Litigation and Ordering Arbitration.

WHEREAS, Plaintiff commenced this action for, among other things, alleged breach of his employment contract with Defendant. This action was served upon the Defendant in April of 2002.

WHEREAS, the parties consented in June, 2002, to staying this litigation and arbitrating all matters contained in Plaintiff's Complaint, in addition to any counterclaims or demands which may be presented by the Defendant.

WHEREAS, the parties also agree that the arbitration shall take place in Bergen County, New Jersey. The parties have agreed to select a sole arbitrator to resolve all issues of law and fact in accordance with the employment agreement. The parties agree that the arbitrator's fee shall be paid by the Defendant.



IT IS THEREFORE ORDERED:   until January 1, 2003

1. This action is stayed pending binding arbitration. The parties are ordered to arbitrate all matters contained in this action, including any defenses which may be raised by the Defendant, and any counterclaims or counter-demands which may be asserted by the Defendant.

2. The arbitration of this matter shall take place in Bergen County, New Jersey, and the parties shall mutually agree upon a sole arbitrator to decide all issues of law and fact.

3. The arbitrator's fees shall be paid by the Defendant.

4. The arbitrator's award may be confirmed as a judgment pursuant to the procedures set forth in Section 9 of the *Federal Arbitration Act*, 9 USC 1-14.

**AND IT IS SO ORDERED.**

_____
United States District Judge

Charleston, South Carolina

July 22, 2002

WE SO MOVE:

_____
Thomas S. White (Fed. ID #6510)
Haynsworth Sinkler Boyd, P.A.
160 East Bay Street
Post Office Box 340
Charleston, SC 29402
(843) 722-3366

Attorneys for Defendant

WE CONSENT:

_____
Nancy Bloodgood (Fed. ID #5208)
Young, Clement, Rivers & Tisdale, LLP
28 Broad Street
Post Office Box 993
Charleston, SC 29402
(843) 724-6659

Attorneys for Plaintiff

2

CHARLESTON
28 BROAD STREET
P.O. BOX 993
CHARLESTON, SC 29402-0993
TELEPHONE: (843) 577-4000

www.ycrt.com

Other Office:
Columbia, SC



**YOUNG CLEMENT RIVERS & TISDALE** LLP
ATTORNEYS AT LAW

Nancy Bloodgood

Direct Dial: (843) 724-6659
Direct Fax: (843) 579-1352
E-mail: nb@ycrt.com

August 20, 2002

Thomas S. White, Esquire
Haynsworth Sinkler Boyd, P.A.
160 East Bay Street
Charleston, SC 29401-2120

Re: David D. Bennett v. Bio-Reference Laboratories, Inc.
Case No.: 02-CP-10-1781
YCRT File: 11094-20020592

Dear Tom:

I haven't heard from you since our conversation last week. I am uncomfortable with how long this matter has dragged on with no indication that arbitration is seriously being pursued. Therefore, please consider this letter to constitute the consultation required under applicable federal court rules that I will early next week file in federal court a motion to lift the stay in this case and a motion to amend the complaint to add allegations concerning breach of contract with fraudulent intent relating to Vincent Nasso. Also, please advise me if you are no longer representing the Defendant in this matter. And if that is the case, would you kindly forward this letter to whomever is the current counsel.

Thank you very much.

Sincerely,

YOUNG, CLEMENT, RIVERS & TISDALE, LLP

Nancy Bloodgood

NB/kir