FILED
FEB 3 2003
LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2-02-1915-18

| | |
|---|---|
| DAVID D. BENNETT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | **MOTION TO QUASH** |
| ) | |
| BIO-REFERENCE LABORATORIES, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |
| _____ ) | |

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Defendant above-named, by and through its undersigned counsel, hereby moves this Honorable Court to quash the subpoena addressed to Rebecca Klafter, dated January 30, 2003. A copy of said subpoena, and the Order of the Honorable David C. Norton attached thereto, are attached to this motion as Exhibit "A."

As grounds for this motion, Defendant would show the Court as follows:

1. Counsel for Defendant had no notice of the motion which resulted in Judge Norton's Order of January 30, 2003, relating to service of a subpoena on Ms. Klafter, requiring her attendance at the arbitration of this matter on February 4, 2003, at 2:00 p.m.

2. Service of a copy of the subpoena and Judge Norton's Order upon counsel for the Defendant was improper, in that the documents were faxed to defense counsel at 5:11 p.m. on Friday, January 31, 2003, and defense counsel did not see the documents until Monday morning, February 3, 2003.

10

3.   Counsel for the Defendant has spoken with Daniel M. Dwyer, Ms. Klafter's attorney in New Jersey, and he denies requesting that a subpoena be issued from the Federal District Court where Ms. Klafter lives, as stated in the third paragraph of Judge Norton's Order.

WHEREFORE, the Defendant moves this Honorable Court for an Order quashing the subpoena issued to Rebecca Klafter by counsel for the Plaintiff, dated January 30, 2003, and for such other relief the Court may deem just and proper.

Respectfully submitted,

*[signature]*
Thomas S. White (Fed. ID #6510)
Haynsworth Sinkler & Boyd
160 East Bay Street
Post Office Box 340
Charleston, SC 29402
Phone:  (843) 722-3366
Fax:     (843) 722-2266

ATTORNEYS FOR THE DEFENDANT

Charleston, South Carolina

February 3, 2003

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# United States District Court
### Eastern District of New York

DAVID D. BENNETT,
        PLAINTIFF

v.

BIO-REFERENCE LABORATORIES, INC.,
        DEFENDANT

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 2:02-1915-18

TO: REBECCA KLAFTER
    102 BRISTOL DRIVE
    WOODBURY, NY 11797

[X] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| McCARTER & ENGLISH, L.L.P.<br>FOUR GATEWAY CENTER<br>100 MULBERRY STREET<br>NEWARK, NJ 07101-0652 | N/A |
| | DATE AND TIME<br>TUESDAY, FEBRUARY 4, 2003 AT 2:00 p.m. |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Nancy Bloodgood*, Attorney for Plaintiff | 1/30/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Next Page)

JAN-31-2003 17:12     POLLACK&KAMINSKY                             2125756560      P.04/06
2:02-cv-01915-DCN     Date Filed 02/03/03     Entry Number 10     Page 4 of 7

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |

SERVED

SERVED ON (PRINT NAME)           MANNER OF SERVICE

SERVED BY (PRINT NAME)           TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information

00  _____        _____
         DATE                SIGNATURE OF SERVER

                            ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA:

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FILED

JAN 3 0 2003

LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| DAVID D. BENNETT, | C.A. NO. 2:02-1915-18 |
| PLAINTIFF, | |
| vs. | ORDER |
| BIO-REFERENCE LABORATORIES, INC., | |
| DEFENDANT. | |

WHEREAS, this case was stayed pending arbitration by Order of this Court on July 23, 2002, and

WHEREAS, it appears that an essential witness for the Plaintiff is Rebecca Klafter who has been previously subpoenaed by Plaintiff to appear at the arbitration, and

WHEREAS, it appears Ms. Klafter's attorney in New Jersey has requested that a Subpoena be issued from the Federal District Court where Ms. Klafter lives.

NOW, THEREFORE, IT IS ORDERED, pursuant to Rule 45 of the Federal Rules of Civil Procedure, that the Federal District Court in the Eastern District of New York honor the Subpoena issued in the District of South Carolina for the above-referenced matter by issuing a Supboena for Ms. Rebecca Klafter's attendance at an arbitration to be held in this matter at McCarter and English law offices on February 4, 2003 at 2:00 p.m. It is further Ordered that Plaintiff make arrangements to have the Subpoena personally served on Ms. Klafter.

1

AND IT IS SO ORDERED!

_____
The Honorable David C. Norton
United States District Court
District of South Carolina
Charleston Division

Charleston, South Carolina

Date: _January 30, 2003_

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2-02-1915-18

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF CHARLESTON ) <br> ) <br> DAVID D. BENNETT, ) <br> ) <br> PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> BIO-REFERENCE LABORATORIES, ) <br> INC., ) <br> ) <br> DEFENDANT. ) <br> ) | **CERTIFICATE OF SERVICE** |

The undersigned employee of Haynsworth Sinkler Boyd, P.A., hereby certifies that I have on this 3rd day of February, 2003, served a true and correct copy of the above and foregoing *Motion to Quash*, **VIA HAND DELIVERY,** upon the following counsel for the Plaintiff:

> Nancy Bloodgood
> YOUNG, CLEMENT, RIVERS & TISDALE, LLP
> 28 Broad Street
> Charleston, SC  29402

_____

3